IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KARYL KORTAS, | ) |
| | ) |
| Plaintiff, | )     1:17-cv-01960 |
| | ) |
| v. | ) |
| | ) |
| FIFTH THIRD BANK, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, KARYL KORTAS, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, FIFTH THIRD BANK, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Electronic Funds Transfer Act (hereinafter, "EFTA"), 15 U.S.C. §1693, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the EFTA, 15 U.S.C. §1693 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. KARYL KORTAS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Des Plaines, County of Cook, State of Illinois.

5. As a natural person, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1693a(6).

1

6. At all relevant times, Plaintiff had an account in her name at FIFTH THIRD BANK (hereinafter, "Fifth Third Bank Account").

7. At all relevant times, the account held by Plaintiff at Fifth Third Bank was an asset account established to hold funds used primarily for Plaintiff's personal use and/or household expenditures.

8. At all relevant times, the Fifth Third Bank Account held by Plaintiff was an "account" as that term is defined by 15 U.S.C. §1693a(2).

9. At all relevant times Fifth Third Bank was a financial organization responsible for holding funds in an account belonging to Plaintiff.

10. At all relevant times, Fifth Third Bank was a "financial institution" as that term is defined by 15 U.S.C. §1693a(9).

11. FIFTH THIRD BANK, (hereinafter, "Defendant") is a business entity engaged in business within the State of Illinois. Defendant's principal place of business is located in the State of Ohio.

12. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

13. At all relevant times, the transfer of funds from Plaintiff's Fifth Third Bank Account to Defendant were "electronic fund transfers" as that term is defined by 15 U.S.C. §1692a(7).

## IV. ALLEGATIONS

14. On February 8, 2017, Plaintiff's Fifth Third Account was compromised by a purported unknown thief who was able to obtain three (3) electronic withdrawals directly from Plaintiff's Fifth Third Account in the amount of $200 each for a total withdrawal of $600.

15. The aforesaid withdrawals appeared on Plaintiff's bank statement as coming from "Allpoint Withdrawal" which, according to Plaintiff's bank statement, was located at 2112 S. Main St. in Orange, California.

16. Upon learning of the withdrawals, Plaintiff contacted Defendant and notified Defendant that she did not make or authorize these withdrawals, that she had a history of identity theft, and that she had not been in California at any time recently.

17. On February 14, 2017, Defendant provided Plaintiff with a provisional re-credit of her account for the $600 that was taken.

18. On or about February 21, 2017, Defendant allowed another credit into Plaintiff's Fifth Third account of $200. According to Plaintiff's bank statement, the credit appeared as "ATM/POS ADJUSTMENT-CREDIT-278891" and again provided the address of 2112 S. Main St. in Orange, California.

19. On February 23, 2017, Defendant removed $800 from Plaintiff's account in four (4) separate transactions of $200 each. One transaction was described on Plaintiff's bank statement as a "REVERSAL OF DISPUTE PROVISIONAL CREDIT." The three other transactions of $200 appeared on Plaintiff's bank statement as "ATM/POS ADJUSTMENT-CREDIT-278891" and again provided the address of 2112 S. Main St. in Orange, California.

20. Plaintiff did not authorize any of these transactions.

21. On February 23, 2017, after noticing the $800 in funds removed from her Fifth Third account, Plaintiff appeared at the Fifth Third Bank branch located on Golf Rd., in Niles, Illinois to speak personally with a representative of the bank. Plaintiff then and there presented information a second time that she had been a previous victim of identity theft, that she did not authorize any of the aforesaid transactions, and that she was in need of the funds being removed from her account.

22. On February 24, 2017, as a result of the money being withdrawn from Plaintiff's account without authorization, Plaintiff incurred a $37.00 overdraft fee.

23. On February 24, 2017, Defendant provided Plaintiff with a provisional re-credit of her account for $400 that was taken.

24. On February 28, 2017, Defendant provided Plaintiff with a provisional re-credit of her account for $200 that was taken.

25. On March 1, 2017, again, another $200 was withdrawn from Plaintiff's Fifth Third account without her authorization. Said withdrawal again appeared to come from the Orange, California facility that had taken previous withdrawals.

26. On February 8 and 23, 2017, Plaintiff had notified Defendant of the error on her account.

27. The act constituting the error was an unauthorized electronic funds transfer as recognized by 15 U.S.C. §1693f(f)(1).

28. Defendant failed to correct the error in violation of 15 U.S.C. §1693f(b) by failing to stop and prevent the multiple withdrawals from the same location after having been given information necessary to establish that the error occurred.

4

29. Defendant failed to stop a payment from a purported pre-authorized transfer from Plaintiff's account after having been instructed to do so.

30. Defendant received notice of the error within 60 days of having transmitted documents to Plaintiff reflecting the aforesaid transfer.

31. Defendant's conduct in violating 15 U.S.C. §1693e(a), directly and proximately caused Plaintiff to suffer damages including loss of the use of her funds, loss of funds due to an overdraft fee, as well as stress, anxiety, emotional distress and mental anguish.

## V. **JURY DEMAND**

32. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, KARYL KORTAS, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages pursuant to 15 U.S.C. §1693m(a)(1);

    b. Statutory damages pursuant to 15 U.S.C. §1693m(a)(2)(A);

    c. Plaintiff's attorneys' fees and costs pursuant to 15 U.S.C. §1693a(3); and,

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**KARYL KORTAS**

By:    s/ Larry P. Smith
      Attorney for Plaintiff

Dated: March 13, 2017

Larry P. Smith (Atty. No.: 6217162)
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 324-3532
Facsimile: (888) 418-1277
E-Mail: lsmith@smithmarco.com